### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRUCE JOHNSON,** )<br>)<br>    **Petitioner/Defendant,** )<br>)<br>**vs.** )<br>)<br>**UNITED STATES of AMERICA ,** )<br>)<br>    **Respondent/Plaintiff.** ) | **CIVIL NO. 09-cv-145-JPG**<br><br>**CRIMINAL NO. 04-cr-40013-JPG** |

### MEMORANDUM AND ORDER

**GILBERT, District Judge:**

On March 2, 2004, Petitioner Bruce Johnson was charged in a one-count indictment with knowingly and intentionally agreeing and conspiring to distribute and possess a "substance containing cocaine, in the form of cocaine base, commonly known as 'crack'" in violation of 21 U.S.C. § 841(a)(1) and 841 (b)(1)(C). Johnson entered a plea of guilty to Count one of the indictment and, on September 29, 2004, this Court imposed a sentence of 100 months incarceration, four years supervised release, a special assessment of $100 and a fine of $100 (Doc. 21).[1]

Johnson filed a motion to reduce his sentence based on a retroactive application of sentencing guidelines on March 10, 2008 (Doc. 31). The Court granted the motion on March 18, 2008 and reduced the petitioner's sentence to 84 months (Doc. 32). Johnson appealed his revised sentence on the grounds of ineffective assistance of counsel. He argued that his counsel should have sought a full resentencing, not just a reduction of sentence. The Court of Appeals dismissed his appeal on February 20, 2009. *United States v. Johnson*, Appeal No. 08-1822 (7th Cir., decided Dec. 29, 2008).

Johnson now seeks relief under 28 U.S.C. § 2255 based on a two-level weapons enhancement on his pre-sentencing report. He argues that there was never any showing made that he had

---

[1] All document references are to the criminal case file unless otherwise noted.

possession or control of any specific firearm during the commission of the underlying drug trafficking offense. Johnson argues this sentence enhancement should be set aside and his sentence corrected accordingly.

## GENERAL PRINCIPLES

Relief under Section 2255 is "reserved for extraordinary situations." *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993); *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). A criminal defendant may attack the validity of his sentence under Section 2255 only if

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255. However, a Section 2255 motion "is neither a recapitulation of nor a substitute for a direct appeal." *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995). Therefore,

> [a]n issue not raised on direct appeal is barred from collateral review absent a showing of both good cause for the failure to raise the claims on direct appeal and actual prejudice from the failure to raise those claims, or if a refusal to consider the issue would lead to a fundamental miscarriage of justice.

*Prewitt*, 83 F.3d at 816. The Seventh Circuit has made it very clear that there are three types of issues that cannot be raised in a Section 2255 motion:

> (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal.

*United States v. Belford*, 975 F.2d 310, 313 (7th Cir. 1992) (footnote omitted).

Applying these standards to Johnson's sole claim in this action, the Court finds that he is not entitled to the relief sought in this Section 2255 motion.

## DISCUSSION

The Seventh Circuit has held that mis-application of the sentencing guidelines is not grounds

for collateral relief; it must be addressed on direct appeal or not at all. *Scott v. United States,* 997 F.2d 340, 343 (7th Cir. 1993).  If a district judge's discretion in sentencing is proper, as the Supreme Court has held, than an error in a system that aims to standardize that discretion is still consistent with fair procedure.  *Id.* at 342. The Sentencing Guidelines aim to benefit society as a whole, not protect a defendant's individual rights.  *Id.*  As an example of the kind of challenge that may go forward on collateral review, Judge Easterbrook notes that only "the district court's refusal to implement a provision of the Guidelines designed for the defendant's benefit, coupled with 'cause' for not appealing – even calls for inquiry" *Id.* at 343.

Under this standard, Johnson would have to show that the weapons enhancements provision of the Sentencing Guidelines was there for his protection and show cause, such as ineffective assistance of counsel, for his failure to challenge this sentence enhancement on appeal.  Johnson has not made either of these arguments.  This sentence enhancement cannot be attacked now on collateral review.

## CONCLUSION

None of the grounds presented in this action entitle Johnson to relief under Section 2255 of Title 28.  Accordingly, the Motion to Vacate, Set Aside or Correct Sentence is **DENIED**, and this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**Dated: December 7, 2009.**

    **s/ J. Phil Gilbert**
    **U. S. District Judge**